GREGORY S. GILCHRIST (Cal. Bar No. 111536)
AMY PARIGI (Cal. Bar No. 261948)
RYAN BRICKER (Cal. Bar No. 269100)
SOPHY TABANDEH (Cal. Bar No. 287583)
VERSO LAW GROUP LLP
565 Commercial Street, 4th Fl.
San Francisco, CA 94111
Telephone: (415) 534-0495
Email: greg.gilchrist@versolaw.com
        amy.parigi@versolaw.com
        ryan.bricker@versolaw.com
        sophy.tabandeh@versolaw.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., | Case No. 25-cv-10488 |
| Plaintiff, | |
| v. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, AND UNFAIR COMPETITION (INJUNCTIVE RELIEF SOUGHT)** |
| AG ADRIANO GOLDSCHMIED, INC., | |
| Defendant. | **JURY TRIAL DEMAND** |

This lawsuit is necessary because Defendant AG Adriano Goldschmied, Inc. ("Defendant") has misappropriated Plaintiff Levi Strauss & Co.'s ("LS&Co.") famous tab trademark (the "Tab trademark") as a symbol for its own apparel products. LS&Co. is the renowned apparel company whose founders invented the blue jean. LS&Co. has been manufacturing and selling apparel for over 150 years. From its gold rush beginnings, LS&Co. became one of the preeminent casual apparel companies of our time. The company's apparel production was protected as an "essential industry" during World War II, and exhibits at institutions such as the Smithsonian and Museum of Modern Art display photographs underscoring that LS&Co.'s products are a "staple of American culture, symbolizing youth, freedom, and effortless cool."

LS&Co. brands its apparel products using some of the oldest and most well-respected apparel trademarks in the world, including the Tab trademark. The Tab trademark appears on almost all jeans

1   sold by LS&Co. and is also featured on other apparel products, such as shirts, jackets, and accessories.

2   Every year, millions of jeans, shirts, jackets, and other products are sold bearing the Tab trademark.

3   As shown below, LS&Co. uses the Tab trademark in many colors, including red, white, blue, black,

4   muti-colored, gold, and silver.

  

  

  



LS&Co. adopted the Tab trademark in 1936, registered the mark in 1938, and at various times has used the mark as part of the corporate logo, in retail signage, and on the levi.com website as a sign of all the company's products and services. As shown above, the Tab trademark sometimes bears the famous LEVI'S® trademark, and sometimes bears only the ® symbol. LS&Co. also owns registered and common law rights in word marks that reference the history and heritage of the Tab trademark, including LS&Co.'s BLUE TAB, RED TAB, ORANGE TAB, and SILVERTAB marks.

To stop Defendant from continuing to misuse and trade on LS&Co.'s famous Tab trademark, reputation, and goodwill, LS&Co. seeks preliminary and permanent injunctive relief as well as appropriate compensatory remedies and fees and costs necessitated by Defendant's conduct. LS&Co. alleges as follows:

**JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT**

1.      Plaintiff LS&Co.'s claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  This

1    Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark

2    and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act).

3    This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C.

4    § 1367.

5         2.     LS&Co. is informed and believes that venue is proper in this Court under 28 U.S.C.

6    § 1391(b) because Defendant transacts affairs in this district and sells or distributes its infringing

7    products and services in this district, and because a substantial part of the events giving rise to the

8    claims asserted arose in this district.

9         3.     Intra-district assignment to any division of the Northern District is proper under Local

10   Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

### PARTIES

12        4.     LS&Co. is a Delaware corporation with its principal place of business at Levi's Plaza,

13   1155 Battery Street, San Francisco, California 94111. Operating since approximately the 1850s,

14   LS&Co. is one of the oldest and best-known apparel companies in the world. It manufactures,

15   markets, and sells a variety of apparel.

16        5.     LS&Co. is informed and believes that Defendant AG Adriano Goldschmied, Inc. is a

17   California corporation headquartered at 2741 Seminole Ave., Suite A, South Gate, California 90280.

18   LS&Co. is informed and believes that Defendant AG Adriano Goldschmied, Inc. manufactures,

19   promotes, and/or distributes the infringing products.

20        6.     LS&Co. is informed and believes that Defendant AG Adriano Goldschmied, Inc.

21   manufactures, distributes, and/or sells apparel, including pants, shirts, and jackets under the brand

22   name AG JEANS, bearing trademarks and branding elements that infringe LS&Co.'s Tab trademark.

23   Defendant's infringing products are offered for sale and sold throughout the United States, including

24   in this judicial district.

### FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

26        7.     LS&Co. marks its products with trademarks that are famous around the world.

27   Among these trademarks is LS&Co.'s famous Tab trademark, which, in one configuration that is

28   used on many products, consists of a marker sewn into pocket seams or one of the regular structural

seams of the garment.

8.    LS&Co. continuously has used the Tab trademark, for nearly 90 years, to distinguish its products.  LS&Co. began to display the Tab trademark on the rear pocket of its pants in 1936 when its then National Sales Manager, Leo Christopher Lucier, proposed placing a folded cloth ribbon in the structural seams of the rear pocket.  The purpose of this "tab" was to provide "sight identification" of LS&Co.'s products.  Given the distinctiveness of the Tab trademark, Mr. Lucier asserted that "no other maker of overalls can have any other purpose in putting a colored tab on an outside patch pocket, unless for the express and sole purpose of copying our mark and confusing the customer."

9.    Since then, LS&Co. has vastly expanded its use of the Tab trademark across its product line.  LS&Co. uses the Tab trademark on jeans, pants, jackets, shirts, skirts, shorts, accessories, and a variety of other clothing products.

10.    For many years prior to the events giving rise to this Complaint and continuing to the present, LS&Co. annually has spent great amounts of time, effort, and money advertising and promoting the products on which its Tab trademark is used.  LS&Co. has sold hundreds of millions of these products bearing its Tab trademark, all over the world, accounting annually for billions of dollars in sales, including sales throughout the United States and in California.  Through these investments and large sales, LS&Co. has created considerable goodwill and a reputation for high-quality, fashionable products.

11.    The Tab trademark is famous and recognized around the world and throughout the United States by consumers as signifying authentic, high-quality LS&Co.'s garments.  LS&Co.'s Tab trademark was famous among the general consuming public long before Defendant began selling the products challenged in this Complaint.

12.    LS&Co.'s Tab trademark is registered in the United States, in the State of California, and around the world.  All registrations and common law marks for the Tab trademark are in full force and effect, valid and protectable, and exclusively owned by LS&Co.  LS&Co. continuously has used each of its registered trademarks, from the registration date or earlier, until the present and during all times relevant to LS&Co.'s claims.

13.     In addition to its common law rights, LS&Co. owns the following United States and California trademark registrations, among others, for its Tab trademark.  The federal registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

a.     U.S. Registration No. 516,561 (first used as early as September 1, 1936; registered October 18, 1949);

b.     U.S. Registration No. 1,157,769 (first used as early as September 1, 1936; registered June 16, 1981);

c.     U.S. Registration No. 2,791,156 (first used as early as September 1, 1936; registered December 9, 2003);

d.     U.S. Registration No. 356,701 (first used as early as September 1, 1936; registered May 10, 1938);

e.     U.S. Registration No. 577,490 (first used as early as September 1, 1936; registered July 21, 1953);

f.     U.S. Registration No. 774,625 (first used as early as May 22, 1963; registered August 4, 1964);

g.     U.S. Registration No. 775,412 (first used as early as October 9, 1957; registered August 18, 1964);

h.     U.S. Registration No. 2,726,253 (first used as early as March 7, 1969; registered June 17, 2003);

i.     U.S. Registration No. 2,620,144 (first used as early as February, 1999, registered September 17, 2002); and

j.     California Registration No. 052312 (first used as early as March 7, 1969; registered June 12, 1974).

14.     LS&Co. also uses its Tab trademark in connection with many of its collaborations with other brands, including collaborations with some of the most well-respected designers and fashion houses in the industry.  Examples of LS&Co.'s use of its Tab trademark on garments put out under these collaborations follow:

| LEVI'S® x OASIS |
|---|



| LEVI'S® x KENZO |
|---|

 

LEVI'S® x REESE COOPER




15.    In addition to using the Tab trademark on products, LS&Co. also uses and has used the mark to denote retail services, including use of the trademark as its main service mark (collectively "Retail Services Tab trademark") for several years.  Examples of these uses include as follows:





**Defendant's Infringement of LS&Co.'s Trademarks**

16.    Beginning at some point in the past and continuing until the present, Defendant—under the AG JEANS brand—has manufactured, promoted, and sold garments that infringe and dilute LS&Co.'s famous Tab trademark.  Examples of products bearing infringing tabs (the "AG JEANS Infringing Tab") are shown below:

 



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11

 

12
13
14
15
16
17
18
19

 

20    17.    The AG Jeans Infringing Tabs are substantially similar to LS&Co.'s Tab trademark.

21  Based on its investigation, LS&Co. is informed and believes that Defendant has manufactured,

22  sourced, marketed, and/or sold substantial quantities of garments bearing the AG Jeans Infringing

23  Tabs, and has obtained and continues to obtain substantial profits from these sales.

24    18.    In addition to causing damages, Defendant's actions have caused and will cause

25  LS&Co. irreparable harm for which money damages and other remedies are inadequate.  LS&Co.

26  has attempted to resolve this matter short of litigation, but the parties were unable to reach an

27  agreement.  Defendant continues to promote and sell these infringing garments.  Unless Defendant is

28  restrained preliminarily and permanently by this Court, it will continue and/or expand its illegal

activities and otherwise continue to cause great and irreparable damage and injury to LS&Co. by, among other things:

      a.    Depriving LS&Co. of its rights to use and control use of its trademarks and maintain its reputation with consumers, licensees, and collaborators, including the exclusive use of its trademarks on products and services that LS&Co. creates, produces, licenses, and sells;

      b.    Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products and services;

      c.    Causing the public falsely to associate LS&Co. with Defendant and/or its products and services, or vice versa;

      d.    Causing incalculable and irreparable damage to LS&Co.'s goodwill, reputation and standing with consumers, licensees and collaborators;

      e.    Diluting the capacity of its Tab trademark to differentiate LS&Co.'s products from others;

      f.    Causing LS&Co. to lose sales of its genuine clothing products; and

      g.    Causing others to believe the distinctive features of the Tab trademark may be misappropriated for its use.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

19.    LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 18 of this Complaint.

20.    Without LS&Co.'s consent, Defendant has used—in connection with the sale, offering for sale, distribution, or advertising of its products—trademarks and designs, including tab designs (examples of which are shown in this Complaint), that infringe upon LS&Co.'s registered Tab trademark.

21.    Defendant's acts of willful trademark infringement have been committed with the

1  intent to cause confusion, mistake, or deception, cause harm to LS&Co. and consumers, and are in

2  violation of 15 U.S.C. § 1114.

3      22.      As a direct and proximate result of Defendant's infringing activities, LS&Co. is

4  entitled to recover all of Defendant's unlawful profits and LS&Co.'s substantial damages under

5  15 U.S.C. § 1117(a).

6      23.      Defendant's infringement of LS&Co.'s Tab trademark is an exceptional case and was

7  intentional, entitling LS&Co. to treble the amount of its damages and Defendant's profits, and to an

8  award of attorneys' fees under 15 U.S.C. § 1117(a).

9      24.      LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

10                                 **<u>SECOND CLAIM</u>**

11                      **<u>FEDERAL UNFAIR COMPETITION</u>**

12            **(False Designation of Origin and False Description)**

13               **(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

14      25.      LS&Co. realleges and incorporates by reference each of the allegations contained in

15  paragraphs 1 through 18 of this Complaint.

16      26.      Defendant's use of the AG Jeans Infringing Tabs—including the tab designs shown

17  by example in this Complaint—tends falsely to describe its products within the meaning of

18  15 U.S.C. § 1125(a)(1).  Defendant's conduct is likely to cause confusion, mistake, or deception by

19  or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of

20  Defendant's products, to the detriment of LS&Co. and consumers in violation of 15 U.S.C.

21  § 1125(a)(1).

22      27.      As a direct and proximate result of Defendant's willful infringing activities, LS&Co.

23  is entitled to recover all of Defendant's unlawful profits and LS&Co.'s substantial damages under

24  15 U.S.C. § 1117(a).

25      28.      Defendant's infringement of LS&Co.'s Tab trademark represents an exceptional case

26  and was intentional, entitling LS&Co. to treble the amount of its damages and Defendant's profits,

27  and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

28      29.      LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

1

**THIRD CLAIM**

2

**FEDERAL DILUTION OF FAMOUS MARKS**

3

**(Trademark Dilution Revision Act of 2006)**

4

**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

5

30.      LS&Co. realleges and incorporates by reference each of the allegations contained in

6

paragraphs 1 through 18 of this Complaint.

7

31.      LS&Co.'s Tab trademark is distinctive and famous within the meaning of the

8

Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was distinctive and famous

9

prior to Defendant's conduct as alleged in this Complaint.

10

32.      Defendant's conduct is likely to cause dilution of LS&Co.'s Tab trademark by

11

diminishing each of their distinctiveness in violation of the Trademark Dilution Revision Act of

12

2006, 15 U.S.C. § 1125(c).

13

33.      Defendant diluted LS&Co.'s Tab trademark willfully, entitling LS&Co. to an award

14

of damages and disgorgement of Defendant's profits.

15

34.      LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

16

**FOURTH CLAIM**

17

**CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION UNDER CALIFORNIA**

18

**AND COMMON LAW**

19

**(Cal. Bus. & Prof. Code §§ 14200 *et seq*.; Cal. Bus. & Prof. Code § 14247)**

20

35.      LS&Co. realleges and incorporates by reference each of the allegations contained in

21

paragraphs 1 through 18 of this Complaint.

22

36.      LS&Co. owns registered and common law rights in its Tab trademark.

23

37.      Defendant's use of the AG Jeans Infringing Tabs—that are substantially similar to the

24

Tab trademark—occurred without LS&Co.'s consent.

25

38.      LS&Co.'s Tab trademark became famous in California long before Defendant began

26

using its infringing trademarks and designs.

27

39.      Defendant's use of the AG Jeans Infringing Tabs is likely to cause consumer

28

confusion about the source of Defendant's goods or about a relationship between LS&Co. and

Defendant, and is likely to dilute LS&Co.'s Tab trademark, in violation of California Business & Professions Code §§ 14200 *et seq.*, California Business & Professions Code § 14247, and California common law.

40.    Defendant infringed and diluted LS&Co.'s Tab trademark with knowledge and intent to cause confusion, mistake, or deception.

41.    Defendant's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of LS&Co. for which California law allows the imposition of exemplary damages.

42.    Pursuant to California Business & Professions Code §§ 14247 and 14250, LS&Co. is entitled to injunctive relief and damages in the amount of three times Defendant's profits and three times all damages suffered by LS&Co. by reason of Defendant's manufacture, use, display, and sale of infringing goods and services.

## FIFTH CLAIM

## CALIFORNIA UNFAIR COMPETITION

### (Cal. Bus. & Prof. Code § 17200)

43.    LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 18 of this Complaint.

44.    Defendant's conduct constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code section § 17200.

45.    LS&Co. is entitled to injunctive relief preventing the conduct alleged in this Complaint.

## PRAYER FOR JUDGMENT

WHEREFORE, LS&Co. prays that this Court grant it the following relief:

1.    Adjudge that Defendant infringed LS&Co.'s Tab trademark in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

2.    Adjudge that Defendant has competed unfairly with LS&Co. in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

3.    Adjudge that Defendant's activities are likely to dilute LS&Co.'s famous Tab trademark, in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(c), and/or California law;

4.    Adjudge that Defendant and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.    Manufacturing, producing, sourcing, importing, exporting, selling, buying, offering for sale, distributing, licensing, advertising, or promoting any goods or services, using any words, symbols or designs that so resemble LS&Co.'s Tab trademark as to be likely to cause confusion, mistake or deception, on or in connection with any product or service that is not authorized by or for LS&Co., including without limitation, the infringing trademarks and designs that are the subject of this Complaint and for which Defendant is responsible, or any other approximation of LS&Co.'s trademarks;

b.    Using any word, term, name, symbol, device, design, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant's products and services with LS&Co. or as to the origin of Defendant's goods and services, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

c.    Claiming trademark rights in the AG Jeans Infringing Tabs, or any other word, symbol, or design that is confusingly similar to the Tab trademark, including by applying now or in the future for federal registration of trademarks comprising the AG Jeans Infringing Tabs or any other word, symbol, or design that is similar to the Tab trademark;

d.   Infringing LS&Co.'s rights in and to any of its trademarks or otherwise damaging LS&Co.'s goodwill or business reputation;

e.   Further diluting the Tab trademark;

f.   Otherwise competing unfairly with LS&Co. in any manner; and

g.   Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

5.    Adjudge that Defendant is required immediately to supply LS&Co.'s counsel with a complete list of individuals and entities from whom or which they purchased, and to whom or which they sold, offered for sale, distributed, advertised or promoted, infringing products and services as alleged in this Complaint;

6.    Adjudge that Defendant is required immediately to deliver to LS&Co.'s counsel, its entire inventory of infringing products and services, including without limitation shirts, shorts, rompers, pants, dresses, and any other clothing, packaging, labeling, photographs, advertising and promotional material, and all plates, patterns, molds, matrices and other material for producing or printing such items, domain names, or social media handles that are in its possession or subject to its control and that infringe or facilitate infringement of LS&Co.'s trademarks as alleged in this Complaint;

7.    Adjudge that Defendant, within thirty (30) days after service of the judgment demanded herein, is required to file with this Court and serve upon LS&Co.'s counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

8.    Adjudge that LS&Co. recover from Defendant its damages and lost profits, and Defendant's profits, in an amount to be proven at trial, as well as punitive damages under California law;

9.    Adjudge that Defendant is required to account for any profits that are attributable to its illegal acts, and that LS&Co. be awarded (a) Defendant's profits and (b) all damages sustained by LS&Co., under 15 U.S.C. § 1117, plus prejudgment interest;

10.    Adjudge that the amounts awarded to LS&Co. pursuant to 15 U.S.C. § 1117 shall be trebled;

11.    Order an accounting of and impose a constructive trust on all of Defendant's funds and assets that arise out of its infringing and dilutive activities;

12.    Adjudge that LS&Co. be awarded its costs and disbursements incurred in connection with this action, including LS&Co.'s reasonable attorneys' fees and investigative expenses; and

13.    Adjudge that all such other relief be awarded to LS&Co. as this Court deems just and proper.

Dated:  December 5, 2025                    Respectfully submitted,

                                            VERSO LAW GROUP LLP


                                            By: */s/ Sophy Tabandeh*
                                            Gregory S. Gilchrist
                                            Amy Parigi
                                            Ryan Bricker
                                            Sophy Tabandeh

                                            Attorneys for Plaintiff
                                            LEVI STRAUSS & CO.

1

## **DEMAND FOR JURY TRIAL**

2

Levi Strauss & Co. demands that this action be tried to a jury.

3

Dated: December 5, 2025                              Respectfully submitted,

4

VERSO LAW GROUP LLP

5

6

By: */s/ Sophy Tabandeh*_____

7

Gregory S. Gilchrist
Amy Parigi
Ryan Bricker

8

Sophy Tabandeh

9

Attorneys for Plaintiff
LEVI STRAUSS & CO.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28